## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

**MAY 17 2007**

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

| | |
|---|---|
| JEREMY VAUGHN PINSON, | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) |
| | ) CIV-07-572 F |
| | ) CASE NO. |
| | ) |
| JOHN WHETSEL, SHERIFF, | ) |
| BOBBY CARSON, MAJOR, | ) |
| SCOTT SEDBROOK, CAPTAIN, | )   CIVIL RIGHTS COMPLAINT |
| RONALD HOWLAND, SEARGENT, | ) PURSUANT TO 42 U.S.C. §1983 |
| BRANDON TODD, CORPORAL | ) |
| MICHAEL THOMAS, LIEUTENANT, | ) |
| COUNTY OF OKLAHOMA COUNTY, | ) |
| DEFENDANTS, | ) |

### A. JURISDICTION

1. The Plaintiff is a citizen of Texas who presently resides at USP-Beaumont, P.o. Box 26030, Beaumont, Texas, 77720-6030.

2. The First Defendant John Whetsel is a citizen of Oklahoma City, Oklahoma and is employed as Sheriff. He is sued in his official capacity. At the time the claims alleged in this complaint arose this Defendant was acting under color of state law in that his action and powers possessed by virtue of state law were misused.

3. The Second Defendant Bobby Carson is a citizen of Oklahoma City, Oklahoma and is employed as Major. He is sued in his individual and official capacities. At the time the claims alleged in this complaint arose this Defendant was acting under color of State law in that he misuesed powers possessed by virtue of state law.

(1)

4. The Third Defendant Scott Sedbrook is a citizen of Oklahoma City, Oklahoma and is employed as Captain - Chief of Security. He is being sued in his Individual and Official Capacities. At the time the claims alleged in this complaint arose the Defendant was acting under color of State law in that he maliciously abused powers possessed by virtue of State law.

5. The Fourth Defendant Ronald Howland is a citizen of Oklahoma City, Oklahoma and is employed as Staff Seargent/Unit Manager. He is being sued in his individual and official capacities. At the time the claims alleged in this complaint arose the Defendant was acting under color of State law in that he maliciously abused powers possessed by virtue of State law.

6. The Fifth Defendant Brandon Todd is a citizen of Oklahoma City, Oklahoma and is employed as Corporal/Disciplinary Hearings Officer. He is being sued in his individual and official capacities. At the time the claims alleged in this complaint arose the Defendant was acting under color of State law in that he maliciously abused the powers he possessed by virtue of State law.

7. The Sixth Defendant Michael Thomas is a citizen of Oklahoma City, Oklahoma and is employed as Lieutenant. This Defendant is being sued in his individual and official capacities. At the time the claims alleged in this complaint arose the Defendant was acting under color of State law in that he maliciously abused powers possessed by virtue of State law.

8. The Seventh Defendant County of Oklahoma County is a municipal government which funds and oversees the first 6 Defendants and is

(2)

being sued in it's official capacity , Respondeat Superior, for acts
committed by Defendant's Whetsel, Carson, Sedbrook, Howland, Todd,
Thomas that fell within the scope of their employment which the
Plaintiff alleges deprived him of his rights under the Constitution
of the United States. At the time the claims alleged in this complaint
arose this Defendant's actions fell under the color of state law in
that mismanagement and misuse of powers possessed by virtue of State
law resulted in  the claims alleged herein.

9. Jurisdiction is asserted pursuant to Title 42 United States Code
§ 1983 and Title 28 United States Code § 1343(3).


## B. BACKGROUND


Following a Federal indictment in Case No. CR-06-114-R filed in the
United States District Court for the Western District of Oklahoma
the Plaintiff was placed for housing at the Oklahoma County Detention
Center by Deputies of the United States Marshal's Service following
a n arraignment and Detention Order signed by United States Magistrate
Judge Gary Purcell. The Plaintiff was placed from June 2nd, 2006 to
approximately mid-July 2006 in the General Population of the jail.
The Plaintiff was then transfered to the Federal Transfer Center and
later Federal Correctional Institution-Ft. Worth for a Competency
evaluation which had been ordered by U.S. District Judge David L.
Russell. On August 18th, 2006 the Plaintiff was returned to the U.S.
Marshals who placed him for housing at the Oklahoma County Detention
Center (hereinafter referred to as the "OCDC"). On October 13th, 2006
Judge Russell directed the USMS to relocate the Plaintiff pending his
November trial. On December 22, 2006 following allegations of the
Plaintiff introducing drugs and contraband into the new jail he was

returned to the OCDC where at the direction of the USMS he was placed into Administrative Segregation. While in Administrative Segregation the Plaintiff was given 30 minutes of exercise 2-3 times weekly up until January 2007 at which point he began receiving 30 minutes of exercise almost daily. The Plaintiff developed a medical condition from being locked in the cell for such long periods of time that required medical treatment via medication for muscle spasms. During this time the Plaintiff filed numerous documents attempting to resolve the issue with the jail administration all of which were summarily denied or ignored. The Plaintiff filed a complaint against Detention Officer Frank Porter for sexual harrassment. Days later this Officer filed a fictitious misconduct wherein he alleged to have been sexually propositioned by the Plaintiff. At no point in the process of hearing or reviewing the misconduct was the Plaintiff allowed to review the evidence against him or present evidence. He was given the opportunity to make a statement and appeal the decision which was a finding of guilt. Sanctions were imposed and the Plaintiff was restricted to his cell for several weeks without exercise or commissary. On May 2nd, 2007 the Plaintiff was taken to the custody of the United States Federal Bureau of Prisons.

## C. CAUSE OF ACTION

I allege my constitutional rights have been violated as outlined in Count I and II of the following Sections

COUNT I: Violation of the 8th Amendment to the United States Constitution.

  1. The following facts form the basis of this claim:

A. The Plaintiff was not given an hour a day of exercise at any point in his incarceration at the OCDC.

B. The Plaintiff was forced to remain in a cell to the point where medical personnel needed to give the Plaintiff muscle relaxers to alleviate pain and discomfort caused by excessive amounts of isolation.

C. The Plaintiff alerted every possible member of the jail administration by following the chain of command through the grievance procedure but was denied any relief whatsoever.

D. At no point in the Plaintiff's incarceration at the OCDC was he given outdoor exercise.

E. The officers of the jail would retaliate against the Plaintiff by using force upon his body if he complained about not getting a sufficient amount of recreation or he would be given a misconduct by officers against whom he had complained.

F. M ental Health professionals began giving the Plaintiff many psychotropic drugs including Thorazine a first-generation drug because the lengthy periods of incarceration in a small cell began to disorient and agitate the Plaintiff.

G. The cell in which the Plaintiff was housed had inadequate lighting due to an inoperable cell light and a window that was heavily covered with metal grates.

H. At times the Plaintiff was forced to  use an inoperable toilet to defecate and urinate and then live with the waste without any opportunity to leave the cell for days at a time.


COUNT II: Violation of the 5th and 14th Amendments to the United States Constitution.

1. The following facts form the basis of this claim:

A. Though the Plaintiff was issued a Misconduct he was denied a staff representative despite the need for one.

B. The Plaintiff was denied access to the Disciplinary Policies and Procedures prior to his hearing.

C. The Plaintiff was denied access to confront witnesses.

D. The Plaintiff was denied access to any and all evidence which was used by the Disciplinary Hearing Officer to find the Plaintiff guilty of the offense.

E. The Plaintiff was not allowed to submit documentary evidence to the Jail Administrator when appealing the D.H.O.'s decision yet the lack of such was the basis for denying the appeal.

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. The Plaintiff has exhausted all available procedures and grievances available to him by the Defendants and at no time received relief  of any sort.

2. PREVIOUS LAWSUITS:

    A. CIV-06-049-F (Dismissed pursuant to Failure to Exhaust)

    B. CIV-06-1372-F (Dismissed Voluntarily pursuant to Rule 41(A).

    C. CIV-06-323-F (Pending)

    D. CIV-07-272-F (Dismissed Voluntarily pursuant to Rule 41(a).

Each case listed above was filed in the United States District Court For the Western District of Oklahoma.

## E. REQUESTED RELIEF

1. Actual Damages in the amount of $100,000.00 for physical and mental pain and suffering.

2|| Punitive Damages in the amount of $150,000.00 for the wanton infliction of pain and suffering and deprivation of Federal rights.


Plaintiff Jeremy V. Pinson

USP-Beaumont

## DECLARATION UNDER PENALTY OF PERJURY

**I JEREMY VAUGHN PINSON,** DO DECLARE UNDER PENALTY OF PERJURY THAT THE  Attached civil rights complaint is mine, that i have read it in its entirety and that it is a true and correct version. (Title 28 USC §1746; Title 18 USC §1621)

Executed this 11th day of May in the year 2007.

Jeremy V. Pinson