IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY PINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-572-F |
| | ) |
| JOHN WHETSEL, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, who is now in the custody of the Federal Bureau of Prisons, filed this action pursuant to 42 U.S.C. § 1983 complaining of violations of his constitutional rights while a pretrial detainee in the Oklahoma County Detention Center ("OCDC") [Doc. No. 1]. Plaintiff is proceeding pro se and in forma pauperis [Doc. Nos. 1 and 5]. The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Service of process and a special report from the officials responsible for OCDC were ordered [Doc. No. 13]. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Defendants Whetsel, Carson, Sedbrook, Howland, Todd, and Thomas have filed – in their official capacities – their answer to Plaintiff's complaint [Doc. No. 39].[1] Three dispositive motions have also been filed and are at issue: (1) Defendant Oklahoma County's motion to dismiss Plaintiff's complaint for failure to make adequate service of process and for failure to state a claim upon which relief can be granted [Doc. No. 42], (2) Plaintiff's motion for summary judgment [Doc. No. 57], and (3) Defendants Carson,

---

[1] Defendant Whetsel was named in his official capacity only [Doc. No. 1, p. 1]; the five other individual Defendants were named in both their individual and official capacities. *Id.* at 1 - 2.

Sedbrook, Howland, Todd, and Thomas's motion – in their official and individual capacities – to dismiss Plaintiff's complaint pursuant to Rule 12 (b) (6), Fed. R. Civ. P., and 28 U.S.C. § 1915 (d) [Doc. No. 77]. In addition, Plaintiff has filed a Motion for Joinder of Additional Defendants [Doc. No. 88] which directly impacts the motions pending for determination.

**Plaintiff's Complaint**

In describing the background of his case, Plaintiff alleges that beginning on December 22, 2006, while being held in administrative segregation at the OCDC at the direction of the United States Marshals Service,

> Plaintiff was given 30 minutes of exercise 2-3 times weekly up until January 2007 at which point he began receiving 30 minutes of exercise almost daily. The Plaintiff developed a medical condition from being locked in the cell for such long periods of time that required medical treatment via medication for muscle spasms. During this time the Plaintiff filed numerous documents attempting to resolve the issue with the jail administration all of which were summarily denied or ignored. The Plaintiff filed a complaint against Detention Officer Frank Porter for sexual harrassment [sic]. Days later this Officer filed a fictitious misconduct wherein he alleged to have been sexually propositioned by the Plaintiff. At no point in the process of hearing or reviewing the misconduct was the Plaintiff allowed to review the evidence against him or present evidence. He was given the opportunity to make a statement and appeal the decision which was a finding of guilt. Sanctions were imposed and Plaintiff was restricted to his cell for several weeks without exercise or commissary. On May 2nd, 2007 the Plaintiff was taken to the custody of the United States Federal Bureau of Prisons.

[Doc. No. 1, pp. 3 - 4].

In the first of two counts, Plaintiff maintains that his Eighth Amendment rights were violated in the following ways: he never received an hour a day of exercise; he required medication with muscle relaxers as a result of his confinement in a cell; he was

2

never given outdoor exercise; in response to his complaints, jail officers retaliated "by using force upon his body" or issuing misconducts; he was given psychotropic drugs "because the lengthy periods of incarceration in a small cell began to disorient and agitate" him; his cell had inadequate lighting; and his toilet was inoperable. *Id.* at 4 - 5. Plaintiff's second count claims Fifth and Fourteenth Amendment violations with regard to the misconduct which was filed against him. *Id.* at 5 - 6. Actual and punitive damages are sought for physical and mental pain and suffering. *Id.* at 7.

**Standard of Review**

    **Motion to Dismiss**

Dismissal of a cause of action for failure to state a claim is proper if Plaintiff's complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* _____ U.S. _____, 127 S.Ct. 1955, 1974 (2007).  Thus, the "factual allegations in a complaint must be enough to raise a right to relief above the speculative level." *Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Bell Atl. Corp.,* _____ U.S. _____, 127 S.Ct. 1955, 1965) (brackets omitted)). In reviewing the sufficiency of a complaint, all well-pleaded factual allegations of the complaint must be accepted as true and construed in the light most favorable to Plaintiff. *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).  Further, a pro se plaintiff's complaint should be broadly construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, this broad reading "does not relieve the [pro se] plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Summary Judgment**

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992). A *Martinez* report is treated as an affidavit, as is the complaint, if it alleges facts based upon the plaintiff's personal knowledge and has been signed under the penalty of perjury, which is the case here. *Hall,* 935 F.2d at 1111. Material factual disputes cannot be resolved through summary judgment based on conflicting affidavits. *Id*. A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving] party." *Id*. at 252. Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**Analysis**

    **Plaintiff's Motion for Joinder**

Plaintiff has filed a Motion for Joinder of Additional Defendants in which he states that he "has identified individuals who are directly involved in the alleged constitutional deprivations." [Doc. No. 88, p. 1]. He names the eight individuals and requests leave to amend his complaint in the interests of justice.[2] The undersigned recommends that Plaintiff's motion – construed as a motion to amend – be granted and that Plaintiff be given a reasonable period of time within which to file his amended complaint. The undersigned will then screen the amended complaint[3] prior to directing service upon the new Defendants.

    **Motion to Dismiss by Defendant Oklahoma County**

Plaintiff's sole reference to Defendant Oklahoma County is the following:

> The Seventh Defendant County of Oklahoma County is a municipal government which funds and oversees the first 6 Defendants and is being sued in it's [sic] official capacity, Respondeat Superior, for acts committed by Defendant's [sic] Whetsel, Carson, Sedbrook, Howland, Todd, Thomas that fall within the scope of their employment which the Plaintiff alleges deprived him of his rights under the Constitution of the United States. At the time the claims alleged in this complaint arose this Defendant's actions fell under the color of state law in that mismanagement and misuse of powers possessed by virtue of State law resulted in the claims alleged herein.

[Doc. No. 1, pp. 2 - 3].

---

[2] The deadline to respond to Plaintiff's joinder motion was February 29, 2008; no response or objection has been filed.

[3] Plaintiff has not requested leave to broaden the scope of his complaint but simply to add Defendants whom he claims were "directly involved in the alleged constitutional deprivations." [Doc. No. 88, p. 1].

5

Defendant Oklahoma County asserts that it cannot be held liable in a Section 1983 action under the theory and respondeat superior and requests dismissal [Doc. No. 43, pp. 4 - 5]. Plaintiff acknowledges that it is true that Defendant Oklahoma County "is not liable under a theory of Respondeat superior[,]" [Doc. No. 60, p. 2], but nevertheless maintains that "Plaintiff's error in stating liability should be forgiven" under a liberal construction of his pleadings and that "[t]he county's liability arises out of constitutional deprivations which were part and parcel of a governmental custom thus liability under § 1983." *Id.* at 2 - 3.

For liability to be imposed on a local government, its unconstitutional act or omission must be conducted pursuant to an official policy or custom. *See Myers v. Oklahoma County Board of County Commissioners,* 151 F.3d 1313, 1316 (10th Cir. 1998). While Plaintiff's response to the motion to dismiss references official custom, his complaint makes no such allegation and, consequently, fails to state a claim within the meaning of Rule 12 (b) (6), Fed. R. Civ. P., against Defendant Oklahoma County.

Defendant Oklahoma County further contends that Plaintiff did not effect proper service upon it because summons was not served on either the chairman of the Board of County Commissioners for the County of Oklahoma County or the Oklahoma County Clerk [Doc. No. 43, p. 3]. Plaintiff "concedes that service was not proper" but claims that he relied on the U.S. Marshal to serve the proper party and "[t]hus the Plaintiff should be afforded an opportunity to re-serve the Defendant." [Doc. No. 60, pp. 1 - 2].

At this stage of the proceedings, the undersigned would normally recommend the dismissal without prejudice of Plaintiff's claims against Oklahoma County with leave to

amend and would likewise recommend that the time limit prescribed by Rule 4 (m), Fed. R. Civ. P., be extended for a reasonable period in order to allow Plaintiff to properly effect service of the amended complaint upon Oklahoma County. Plaintiff's Motion for Joinder of Additional Defendants [Doc. No. 88] states, however, that he now believes two currently named Defendants – Oklahoma County and John Whetsel – "had no personal involvement in alleged deprivations despite knowledge of the actions or omissions which results in the deprivations." *Id.* at 1. The undersigned construes this statement to mean that Plaintiff now believes Defendants Whetsel and Oklahoma County should not be parties to his lawsuit.

Accordingly, in light of Plaintiff's affirmative statement, it is recommended that Plaintiff's action against Defendants Whetsel and Oklahoma County be dismissed without prejudice pursuant to Rule 41 (a) (2), Fed. R. Civ. P. If, however, Plaintiff did not intend to voluntarily dismiss these two Defendants through his statement in the joinder motion and so states in any written objection to this Report and Recommendation, the undersigned recommends in the alternative that Plaintiff's claims against Oklahoma County be dismissed without prejudice on the grounds of ineffective service and for failure to state a claim upon which relief can be granted. And in that event, it is also recommended that Plaintiff be allowed to amend his claims against Oklahoma County and that the time limit prescribed by Rule 4 (m), Fed. R. Civ. P. be extended for a reasonable period in order to allow Plaintiff to effect service upon this Defendant.

**Motion to Dismiss by Defendants Carson, Sedbrook, Howland, Todd, and Thomas in their Official and Individual Capacities [4]**

As was previously noted, Defendants Carson, Sedbrook, Howland, Todd, and Thomas have filed an answer to Plaintiff's complaint in their official capacities [Doc. No. 39]. Moreover, this answer was filed before these Defendants filed their motion to dismiss. Pursuant to Rule 12 (b), Fed. R. Civ. P., a motion asserting the failure to state a claim upon which relief can be granted "*must* be made *before* pleading if a responsive pleading is allowed." (emphasis added). Accordingly, to the extent these Defendants' motion to dismiss [Doc. No. 77] seeks the dismissal of Plaintiff's official capacity claims against them, it is recommended that such motion be denied. Defendants, of course, may request relief through another form of dispositive motion.

As to Plaintiff's claims against these Defendants in their individual capacities,[5] Defendants maintain that Plaintiff has failed to allege facts showing that these Defendants personally participated in the alleged constitutional violations arising from the conditions of Plaintiff's confinement at the OCDC. "Personal participation is an essential allegation in a § 1983 claim." *Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir. 1996) (citations, quotation marks and brackets omitted).[6] Plaintiff has responded, not by demonstrating

---

[4] Defendants' motion is grounded upon Rule 12 (b) (6), Fed. R. Civ. P., and 28 U.S.C. § 1915 (d); the latter provision does not, however, provide a basis for dismissal.

[5] Defendants have not moved for summary judgment in this matter, and the special report referenced in their Rule 12 (b) (6), Fed. R. Civ. P., motion has not been considered by the undersigned in determining the sufficiency of Plaintiff's complaint. In this regard, while Defendants state that the special report and other exhibits are attached to their motion [Doc. No. 77, p. 1], there are no such attachments.

[6] Moreover, the Defendants correctly assert that Plaintiff has not alleged that Defendants had the requisite state of mind to satisfy the subjective component of a claim based on deliberate indifference. That
(continued...)

how the requisite allegations are made against these Defendants in his complaint, but by submitting evidence which purports to establish Defendants' participation [Doc. No. 82].

Because Plaintiff has failed to include what he admits are essential allegations against these Defendants, *see id.* at 2, his complaint fails to state a claim upon which relief can be granted and dismissal of the complaint with leave to amend within a reasonable time is recommended.[7]

### Plaintiff's Motion for Partial Summary Judgment

Plaintiff has moved for partial summary judgment with respect to his claims that he was neither afforded outdoor exercise while confined at the OCDC nor provided with adequate lighting in his cell [Doc. Nos. 57 and 71]. In accordance with the foregoing recommendations, however, Plaintiff's only surviving claim is against Defendant Whetsel and members of his staff in their official capacities. Any such claim is tantamount to an action against Oklahoma County itself. *See Lopez v. LeMaster,* 172 F.3d 756, 762 (10th Cir. 1999) ("Appellant's suit against Sheriff LeMaster in his official capacity as sheriff is the equivalent of a suit against Jackson County."). To make a viable claim of county liability, Plaintiff must establish that the wrongs about which he complains were caused by a policy or custom on the part of the county. *See Myers,* 151 F.3d at 1320. Here, Plaintiff has not established that the conditions about which he complains resulted from

---

[6](...continued)
component is met only if the "[prison] official knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

[7]In this regard, the undersigned notes that it is unclear from a reading of Plaintiff's joinder motion whether he still wishes to pursue claims against these Defendants in addition to the individuals newly named in his motion [Doc. No. 88].

a policy of Oklahoma County which allegedly led to the conditions. Plaintiff has not established that any official county policy was the "moving force" behind the claimed unconstitutional conditions, *see Board of County Commissioners of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 404 (1997), and his motion for partial summary judgment should be denied.

### **RECOMMENDATION**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Plaintiff's Motion for Joinder – construed as a motion to amend to add certain named Defendants [Doc. No. 88] – be granted.

It is further recommended that Defendants Whetsel and Oklahoma County be dismissed without prejudice pursuant to Rule 41 (a) (2), Fed. R. Civ. P., based on Plaintiff's statement that he now believes that these Defendants had no involvement in the deprivations of which he complains. Alternatively, if Plaintiff states in a written objection to this Report and Recommendation that he did not intend to voluntarily dismiss these two Defendants, it is recommended that Defendant Oklahoma County's motion to dismiss [Doc. No. 42] be granted and Plaintiff's claims against Oklahoma County be dismissed without prejudice on the grounds of ineffective service and for failure to state a claim upon which relief can be granted; that Plaintiff be allowed to amend his claims against Oklahoma County; and that the time limit prescribed by Rule 4 (m), Fed. R. Civ. P., be extended for a reasonable period in order to allow Plaintiff to properly effect service upon this Defendant.

It is also recommended that the motion to dismiss by Defendants Carson, Sedbrook, Howland, Todd and Thomas [Doc. No. 77] be denied as to these Defendants in their official capacities, granted as to these Defendants in their individual capacities, and that Plaintiff be granted a reasonable time within which to amend his complaint against these Defendants in their individual capacities.

Finally, it is recommended that Plaintiff's motion for partial summary judgment [Doc. No. 57] be denied.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by the 27th day of March, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral.

IT IS SO ORDERED this 7th day of March, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE